UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 2:10-424 WBS |
| Plaintiff, | ORDER RE: MOTION TO SET ASIDE CONVICTION |
| v. | |
| JAMAL KAREEM WARREN, | |
| Defendant. | |

----oo0oo----

On July 11, 2011, defendant pled guilty under a plea agreement to one count of transporting a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). (Docket Nos. 64, 101.) In the plea agreement, defendant agreed not to appeal his conviction, bring a post-appeal attack on his conviction or sentence, or "file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence." (Plea Ag. at 8-9 (Docket No. 61).) On February 27, 2012, the court sentenced defendant to 102 months imprisonment, (Docket Nos. 83, 102), and entered judgment on February 28, 2012, (Docket No. 81).

1

On January 16, 2015, proceeding pro se, defendant filed a motion to review his sentence under 28 U.S.C. § 3742(a)(1). (Docket No. 87.) The court appointed new counsel for defendant, (Docket No. 106), and provided defendant additional time to file an amended motion, (Docket No. 121). On August 17, 2015, defendant filed this motion to set aside his conviction under 28 U.S.C. § 2255. (See Mot. (Docket No. 122).)

Defendant argues that his guilty plea was not knowing, intelligent, or voluntary and that his trial counsel was ineffective because "neither the court, nor the government, nor trial counsel" advised him that (1) "in a prosecution under § 2423(a), the government is required to prove [that defendant] knew the victim had not yet attained 18 years of age," and that (2) under § 2423(g), "mistake of age was an affirmative defense." (Mot. at 2, 4.)

Subsection 2423(a) makes it unlawful to "knowingly transport[] an individual who has not attained the age of 18 years in interstate or foreign commerce . . . with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2423(a). Subsection 2423(g) provides that, "[i]n a prosecution under this section based on illicit sexual conduct as defined in subsection (f)(2), it is a defense . . . that the defendant reasonably believed that the person with whom the defendant engaged in the commercial sex act had attained the age of 18 years." Id. § 2423(g) (emphasis added). "Illicit sexual conduct," however, is the subject of prosecutions under § 2423(b), (c), and (d), not § 2423(a). Accordingly, the

2

1  § 2423(g) defense does not apply to § 2423(a) prosecutions.
2            "The Courts of Appeals have uniformly held that a
3  defendant need not know the victim's age to be guilty under [18
4  U.S.C. § 2423(a)]."  Flores-Figueroa v. United States, 556 U.S.
5  646, 660 (2009) (Alito, J., concurring) (citing United States v.
6  Taylor, 239 F.3d 994, 997 (9th Cir. 2001)).  In Taylor, the Ninth
7  Circuit rejected the argument that § 2423(a) "should be read as
8  requiring the government to prove that [the defendant] knew the
9  age of the individual he was transporting."  United States v.
10 Crowder, 656 F.3d 870, 875 (9th Cir. 2011) (citing Taylor, 239
11 F.3d at 997).  The Court held that proving a defendant's
12 knowledge that the victim was a minor was not an essential
13 element of the offense because "the statute is intended to
14 protect young persons who are transported for illicit purposes,
15 and not transporters who remain ignorant of the age of those whom
16 they transport."  Taylor, 239 F.3d at 996.
17           Citing Taylor, the Comment to the Ninth Circuit Model
18 Criminal Jury Instructions § 8.193, which supplies the basic
19 instructions on § 2423(a), states: "It is not a defense to the
20 crime of transporting a minor for purposes of prostitution that
21 the defendant was ignorant of the child's age. . . . [T]he
22 transporter assumes the risk that the victim is a minor,
23 regardless of what the victim says or how the victim appears."
24 Accordingly, mistake of age is neither an element of nor an
25 affirmative defense to § 2423(a).  For this reason, defendant's
26 argument that his trial counsel was ineffective by failing to
27 advise him that "mistake of age was an affirmative defense" to §
28 2423(a) fails.

3

    Because defendant's claim lacks merit, the court chooses not to address the government's argument that defendant waived any right he may have had to bring a post-conviction attack on his conviction or sentence and "specifically agree[d] not to file a motion under 28 U.S.C § 2255 or § 2241 attacking his conviction or sentence." (Plea Ag. at 8-9.)  Likewise, the court need not address the government's argument that defendant's motion is barred by the one year statute of limitations in 28 U.S.C. § 2255(f)(1).  See <u>United States v. Anglin</u>, 215 F.3d 1064, 1066 (9th Cir. 2000).

    IT IS THEREFORE ORDERED that defendant's motion to set aside his conviction under 28 U.S.C. § 2255 be, and the same hereby is, DENIED.

Dated:  September 22, 2015

*[signature]*

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4